FEE PAID

FILED
CLERK, U.S. DISTRICT COURT

DEC - 7 2022

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHAEL M. KIMBREW )
    Plaintiff, )
  ) CV22-8910-MWF (MAAx)
v. ) Case Number:_____
  )
BRIDGECREST ACCEPTANCE CORP. )
LOANME INC., )
DANIELS JEWELERS, ) JURY TRIAL DEMANDED
CAPITAL ONE BANK, N.A., )
JEFFERSON CAPITAL, )
CHRYSLER CAPITAL, )
THE BANK OF MISSOURI )
  )
    Defendants. )

## COMPLAINT

1. This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et. Seq. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2. Plaintiff Michael M. Kimbrew ("Plaintiff") is a consumer and natural person residing in the State of California.

3. Defendant Bridgecrest Acceptance Corporation ("Bridgecrest") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

4. Defendant Loan Me Inc. ("Loan Me") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

5. Defendant Daniels Jewelers ("Daniels") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

1

6. Defendant Capital One Bank, N.A. ("Cap One") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

7. Defendant Jefferson Capital ("Jefferson") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

8. Defendant Chrysler Capital ("Chrysler") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

9. Defendant The Bank of Missouri ("TBOM") is a "user of consumer reports" and "furnisher of information to consumer reporting agencies" as those terms are defined by the 15 U.S.C. §1681s-2.

10. On or about July 2022 Plaintiff disputed that Defendant Bridgecrest Account Number 20005386**** was falsely reported as 30 days late for September 2020 and 60 days late for October 2020.

11. On or about August 12, 2022, Plaintiff disputed that Defendant Bridgecrest Account Number 20005386**** failed to the report the last payment amount.

12. On or about December 2, 2022, Plaintiff again disputed that Defendant Bridgecrest failed to report the last payment made on the account to the Credit Reporting Agencies. September 2020 is being reported 30 days late and October is being reported 60 days late and then November 2020 is being falsely reported as a repossession and December 2020 to at least August 2022 is falsely reported as a repossession. Plaintiff disputed the Bridgecrest account several times and Bridgecrest had an obligation to either modify the inaccurate and

2

incomplete information reported or delete the account. Defendant Bridgecrest failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

13. On or about July 2022 Plaintiff disputed that Defendant Loan Me falsely reported the account charged off as an active charge off and failed to mark the account as disputed. Loan Me failed to correct the reporting of the account after Plaintiff disputed the account. Defendant Loan Me failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

14. On or about July 2022 Plaintiff disputed Daniels reported the account as an active charge off. Daniels failed to correct the reporting after the account was disputed. Defendant Daniels failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

15. On or about July 2022 Plaintiff disputed Cap One incorrectly reported the account as 60 days late and Plaintiff requested the contents of his credit files. Cap One failed to correct the reporting after the account was disputed. Defendant Cap One failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the

previously reported information.

16. On or about July 2022 Plaintiff disputed Jefferson incorrectly reported the account as an open collection account. Jefferson failed to correct the reporting after the account was disputed. Defendant Jefferson failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

17. On or about July 2022 Plaintiff disputed Chrysler Capital falsely reported the Date of Last Activity which was blank and failed to report the correct balance owed. Chrysler Capital sold Plaintiff's previously repossessed car and did not credit Plaintiff's account with the proceeds of the sale of the car. Chrysler damaged Plaintiff's credit reports with the $18,702 balance reported as a charge off. Chrysler Capital failed to correct the reporting after the account was disputed. On or about August 5, 2022, Plaintiff disputed the account again and Chrysler Capital again failed to update and correct the reporting of the account. On or about December 2, 2022, Plaintiff again disputed the false reporting of the balance of the account and Chrysler Capital's has shown reckless disregard in furnishing inaccurate data to the Credit Reporting Agencies.

18. Defendant Chrysler Capital failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

19. On or about July 7, 2022, Plaintiff disputed TBOM and the accuracy of the reporting of the charge off. TBOM failed to accurately report the last payment Plaintiff made on the account. TBOM falsely reported the last payment amount as zero. TBOM had a

responsibility to either correct the inaccurate reporting or delete the account. On or about August 5, 2022, Plaintiff again disputed the reporting and Defendant TBOM again failed to correct the information reported. Defendant TBOM failed to satisfy its duty under FCRA, 15 USC 1681s-2(b) of updating incomplete or inaccurate information it previously reported to Credit Reporting Agencies upon receipt of a notice from the Credit Reporting Agencies that a consumer disputed the accuracy of the previously reported information.

20. For such violation, the Defendants are liable to the Plaintiff for actual damages, costs, and attorney's fees, pursuant to 15 U.S.C. §1681o.

21. For their willful violations of the Fair Credit Reporting Act, the Defendants are liable to the Plaintiff for actual damages, statutory damages of up to $1,000, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681n.

## CLAIM FOR RELIEF VIOLATION OF
## FCRA – 15 U.S.C. §1681

22. Defendants Bridgecrest, Loan Me, Daniels, Cap One, Jefferson, Chrysler and TBOM willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

  a. failing to comply with reporting correct information after notice and confirmation of errors, as required by 15 U.S.C. §1681s-2(b).

23. As a result of Defendants' violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, worry, mental anguish, distress and frustration to him damages, in an amount to be determined by the jury.

24. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

25. Plaintiff is entitled to actual damages in an amount to be determined by the jury in additional to any statutory damages in an amount to be determined by the Court.

26. Plaintiff is entitled to legal fees including court costs, pursuant to 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

Plaintiff demands a jury trial on all claims. Wherefore Plaintiff, prays for judgment as following:

1. On Plaintiff's Claim for Relief:
   a. Actual Damages in an amount to be determined by the jury;
   b. Punitive damages in an amount to be determined by the jury; and
   c. Statutory damages including attorney fees as determined by the court; and
   d. Court Costs.

Respectfully Submitted,

Michael M. Kimbrew
Pro-Se
27925 Tyler Lane Unit 739
Canyon Country, CA 91387
310-200-9929
michaelkimbrew1@gmail.com

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

P

US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
ComPlsPrice

062S0014949815
10881457
FROM 91387

stamps endicia
12/05/2022

**PRIORITY MAIL 1-DAY™**

Michael Kimbrew
27925 Tyler Ln Unit 739
Canyon Country CA 91387-4360

SHIP TO: US DISTRICT COURT
255 E Temple St
LOS ANGELES CA 90012-3332

013133

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC - 7 2022
CALIFORNIA
DEPUTY

USPS TRACKING #

9405 5112 0620 3409 4287 97

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.



